1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARCHIE CASTELLANO,                    No.  2:19-cv-2030 DB P

12                  Plaintiff,

13        v.                               ORDER

14   J. SHRUA, et al.,[1]

15                  Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  (ECF Nos. 1,

19   2).  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20   636(b)(1)(B).  Plaintiff also asks that counsel be appointed.  (See ECF No. 1 at 7).

21        For the reasons stated below, the court shall grant plaintiff's request to proceed in forma

22   pauperis and deny his request for the appointment of counsel.  Plaintiff will also be given an

23   opportunity to amend the complaint or, in the alternative, to proceed only on the cognizable

24   claims identified herein.

25

26   [1]  It appears that the Clerk of Court's identification of this defendant as "Shrua" on the case
     caption of the docket is incorrect.  The court believes that the correct spelling should be "Shrum."
27   (See ECF No. 1 at 1, 3).  The Clerk of Court will be directed to correct the spelling accordingly,
     and the defendant will be referred to as such throughout this order.  If, however, the correct
28   spelling of this defendant's name is not "Shrum," plaintiff must inform the court immediately.

1    **I.      IN FORMA PAUPERIS APPLICATION**

2         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

3    1915(a).  (See ECF Nos. 2, 5).  Accordingly, the request to proceed in forma pauperis will be

4    granted.

5         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

6    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

7    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

8    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

9    forward it to the Clerk of Court.  Thereafter, plaintiff will be obligated for monthly payments of

10   twenty percent of the preceding month's income credited to plaintiff's prison trust account.

11   These payments will be forwarded by the appropriate agency to the Clerk of Court each time the

12   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

13   1915(b)(2).

14   **II.     SCREENING REQUIREMENT**

15        The court is required to screen complaints brought by prisoners seeking relief against a

16   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

17   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

18   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

19   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

20        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

21   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

22   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

23   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

24   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

25   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

26   Cir. 1989); Franklin, 745 F.2d at 1227.

27        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

28   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

2

support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## III.    PLEADING STANDARD

### A.    Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983.  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 677-78.

////

////

3

**B.    Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

**IV.    PLAINTIFF'S COMPLAINT**

**A.    General Facts Alleged**

Plaintiff alleges that on the morning of April 20, 2018, High Desert State Prison correctional officers J. Shrum, J. Stone, S. Stiles, B. Schaake, C. Miles,[2] and John Doe, and nurses Basset, Gonzales and Sharp,[3] were deliberately indifferent to his serious medical needs and deprived him of equal protection in violation of his Eighth and Fourteenth Amendment rights when, after he went "man down," they deliberately left him on the ground and then on a hospital gurney for two hours, all the while joking and making fun of him during his medical emergency. (See ECF No. 1 at 3, 5-6).  He claims defendants also told him to get up, knowing that he suffered from documented lower back pain.  (See id. at 3).

---

[2]  Defendant Miles' first initial, a "C.," (see ECF No. 1 at 3) is not next to his last name in the docket's case caption.  The Clerk of Court will be directed to add it.
[3]  Although clearly listed in the complaint (see ECF No. 1 at 4), defendants Basset, Gonzales and Sharp are not listed as defendants on the court's docket.  The Clerk of Court will also be directed to add the names of these individuals to the docket's case caption.

4

Plaintiff further alleges that it was defendant Strum who directed the medical staff and nurses to leave him on the floor.  (See ECF No. 1 at 3).  He also claims that defendants Stone, Stiles, Schaake, and Miles were with defendant Strum when the incident occurred, but they did nothing to intervene.  (See id. at 5).  Finally, plaintiff contends that another correctional officer whose name he does not know – presumably the John Doe identified in the complaint[4] – suggested during plaintiff's medical emergency that defendants stack plaintiff and another individual who was also having a medical emergency on top of one another.  (See generally id.). Although plaintiff has been unable to identify John Doe to date, he claims that the entire incident was caught on tape.  (See ECF No. 1 at 5).

### B. Harm Caused and Remedy Sought

Plaintiff contends that because of defendants' inaction, he was left in pain for two hours, and he experienced emotional distress.  (See ECF No. 1 at 3, 5, 7).  He seeks compensatory and punitive damages in the amount of $100,000.00.  (See id. at 7).

## V. DISCUSSION

### A. Deliberate Indifference Claim

#### 1. Applicable Law

"In the Ninth Circuit, the test for deliberate indifference consists of two parts.  First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

---

[4] If plaintiff wishes for the individual be included in this action, he must provide the court with this person's name and other identifying information as soon as possible.

To state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," evidence must exist to show the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted).

### 2. Analysis

Plaintiff has raised cognizable deliberate indifference claims against these defendants. Defendant Strum directing the medical staff and nurses to leave plaintiff on the floor for an hour after his man down incident, which left plaintiff unable to get up by himself due to his back pain issues, and then on a gurney for another hour (see ECF No. 1 at 3, 5-6), demonstrates serious medical need on plaintiff's part, an intentional failure to act on defendant Strum's part, and harm caused to plaintiff as a result. See generally Jett, 439 F.3d at 1096 (stating elements needed to establish deliberate indifference). Defendant nurses Basset, Gonzales and Sharp had a duty to assist plaintiff during his medical emergency, yet their alleged decision not to do so, irrespective of any supposed instruction from defendant Strum, also constitutes a threshold showing of deliberate indifference. Therefore, these defendants will be required to respond to these claims in the complaint.

As for defendants Stone, Stiles, Schaake, and Miles, there is no indication in the complaint that they were involved with plaintiff's man down episode or directed medical personnel not to assist plaintiff. (See generally ECF No. 1). However, as correctional officers, seeing plaintiff lying on the ground in distress and pain for an extended period of time after a man down incident, they each had a duty to intervene. See United States v. Reese, 2 F.3d 870, 887-88 (9th Cir. 1993) (stating police have affirmative duty to intervene to protect those in custody from constitutional abuses by fellow officers); see Ting v. United States, 927 F.2d 1504, 1511 (9th Cir.

1991).  Accordingly, these defendants will also be directed to respond to the deliberate indifference claims in the complaint.

Finally, the court considers defendant John Doe who purportedly also failed to act and who joked that plaintiff should be stacked on top of another inmate who was also experiencing an emergent incident at the same time as plaintiff.  (See ECF No. 1 at 5).  Because plaintiff has not provided defendant Doe's actual name, defendant Doe cannot be served and directed to answer this charge.  As a result, plaintiff will be given an option either not to proceed with claims against this defendant or to amend the complaint in order to provide his name and any other identifying information.

**B.    Equal Protection Claim**

**1.   Applicable Law**

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  See City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. Calif. Dep't of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013).  An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based upon his membership in a protected class (Hartmann, 707 F.3d at 1123), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose (Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-602 (2008)).  An equal protection claim may also exist when a policy that is neutral on its face has a disproportionate or disparate impact on an identifiable group.  Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-66 (1977).

**2.   Analysis**

Plaintiff's equal protection claims against these defendants are not cognizable.  This is because plaintiff makes no assertion that defendants discriminated against him because he is a member of a protected class (see generally ECF No. 1 at 6), and plaintiff's status as an inmate does not make him a member of one (see Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998)).  In fact, plaintiff makes no argument at all in support of this alleged violation of right.  Instead, ////

7

1   plaintiff simply references the supporting facts section of his deliberate indifference claim.  (See
2   ECF No. 1 at 6).

3          Vague and conclusory allegations concerning the involvement of official personnel in
4   civil rights violations are not sufficient.  See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.
5   1982).  Moreover, although pro se pleadings are to be construed liberally, plaintiff must present
6   factual allegations sufficient to state a plausible claim for relief.  See Hebbe v. Pliler, 627 F.3d
7   338, 341-42 (9th Cir. 2010).  Because plaintiff has not done so, the equal protection claims are
8   not viable.  Plaintiff will, however, be given an opportunity to amend them in a first amended
9   complaint should he so choose.  He will also be given the option to forego amending the
10   complaint and instead proceed on the cognizable claims identified herein.

11   **VI.    APPOINTMENT OF COUNSEL**

12          In the complaint, plaintiff also asks that he "be appointed a federal attorney."  (See ECF
13   No. 1 at 7).  District courts lack authority to require counsel to represent indigent prisoners in
14   section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In
15   exceptional circumstances, the court may request an attorney to voluntarily represent such a
16   plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);
17   Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether
18   "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the
19   merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity
20   of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court
21   did not abuse discretion in declining to appoint counsel).  The burden of demonstrating
22   exceptional circumstances is on the plaintiff.  Id.

23          Plaintiff provides no reasoning as to why his request for the appointment of counsel
24   should be granted.  (See ECF No. 1 at 7).  Furthermore, a review of plaintiff's complaint and in
25   forma pauperis application, as well as the instant request for the appointment of counsel, indicate
26   that plaintiff has a solid understanding of these proceedings and an adequate ability to express his
27   thoughts and convey his needs.  (See generally ECF Nos. 1, 2).  For these reasons, the court does
28   not find the required exceptional circumstances at this time.

**VII.   OPTION TO AMEND THE COMPLAINT**

If plaintiff chooses to file an amended complaint, it will take the place of the original complaint.  See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original).  Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint.  See L.R. 220 (E.D. Cal. 2009).  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

Accordingly, IT IS HEREBY ORDERED that:

1.   The Clerk of Court is directed to:

    a.   Send plaintiff a copy of the court's Civil Rights Complaint By A Prisoner;

    b.   Change the spelling of named defendant "J. Shrua" to "J. Shrum" on the docket;

    c.   Add the first initial "C." to defendant Miles' name on the docket, and

    d.   Add Nurse Basset, Nurse Gonzales and Nurse Sharp as defendants to the case caption of the docket;

2.   Plaintiff's motion to proceed in forma pauperis (ECF No. 2), is GRANTED;

////

9

3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

4.  Plaintiff's request for the appointment of counsel (ECF No. 1 at 7) is DENIED, and

5.  Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend.

IT IS FURTHER ORDERED that within sixty days of the date of this order, plaintiff shall either:

1.  File an amended complaint, or

2.  Inform the court in writing that:

a. He wishes to proceed only on the cognizable claims identified herein, and

b. He voluntarily dismisses any and all other defendants and claims in this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Failure to take one of these courses of action within the time allotted may result in a recommendation that this action be dismissed.

Dated: November 2, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/cast2030.scrn

10

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ARCHIE CASTELLANO,                          No.  2:19-cv-2030 DB P

12                     Plaintiff,

13           v.                                    PLAINTIFF'S NOTICE ON HOW TO
                                                   PROCEED
14    J. SHRUA, et al.,

15                     Defendants.

16
              CHECK ONE:
17
      _____ Plaintiff would like to proceed immediately on his deliberate indifference claims against
18
      correctional officer defendants J. Shrum, J. Stone, S. Stiles, B. Schaake, C. Miles, and nurse
19
      defendants Basset, Gonzales, and Sharp, all employees at High Desert State Prison.  By choosing
20
      to go forward without amending the complaint, plaintiff chooses to forego his equal protection
21
      claims against these defendants as well as any other related and/or potentially viable claims
22
      against them.  In so doing, plaintiff also chooses to forego raising claims against any other
23
      potential, yet to be named defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).
24
              _____ Plaintiff would like to amend the complaint.
25

26    DATED:  _____

27                                                _____
                                                  ARCHIE CASTELLANO
28                                                Plaintiff Pro Se