1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ARCHIE CASTELLANO,                          No. 2:19-cv-2030 DB P

12                   Plaintiff,

13          v.                                    ORDER REFERRING CASE TO POST-
                                                  SCREENING ADR PROJECT AND
14    J. SHRUM, et al.,                           STAYING CASE FOR 120 DAYS

15                   Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.

18    Plaintiff alleges defendants were deliberately indifferent to his serious medical needs and

19    deprived him of equal protection in violation of his Eighth and Fourteenth Amendment rights.

20    Eight defendants have waived service. (ECF No. 20.)

21          The undersigned is referring all post-screening civil rights cases filed by pro se state

22    inmates to the Post-Screening ADR (Alternative Dispute Resolution) Project in an effort to

23    resolve such cases more expeditiously and less expensively. Defense counsel from the Office of

24    the California Attorney General has agreed to participate in this pilot project. No defenses or

25    objections shall be waived by their participation.

26          As set forth in the screening order, plaintiff has stated a potentially cognizable civil rights

27    claim. Thus, the court stays this action for a period of 120 days to allow the parties to investigate

28    plaintiff's claims, meet and confer, and then participate in a settlement conference.

                                                  1

1    There is a presumption that all post-screening prisoner civil rights cases assigned to the

2    undersigned will proceed to settlement conference.[1]  However, if after investigating plaintiff's

3    claims and speaking with plaintiff, and after conferring with defense counsel's supervisor,

4    defense counsel in good faith finds that a settlement conference would be a waste of resources,

5    defense counsel may move to opt out of this pilot project.  A motion to opt out must be filed

6    within sixty days of the date of this order.

7    Once the settlement conference is scheduled, at least seven days prior to the conference,

8    the parties shall submit to the settlement judge a confidential settlement conference statement.

9    The parties' confidential settlement conference statements shall include the following: (a) names

10   and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short

11   procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts

12   made to investigate the allegations; and (e) a discussion of the efforts that have been made to

13   settle the case.  Defendant shall e-mail the settlement conference statement to the settlement

14   judge's e-mail box for proposed orders, available on the court's website.  Plaintiff shall place his

15   settlement conference statement in the U.S. mail addressed to the settlement conference judge,

16   United States District Court, 501 I Street, Sacramento, CA  95814.  Plaintiff shall mail his

17   settlement conference statement so that it is received by the court at least seven days before the

18   settlement conference.

19   In accordance with the above, IT IS HEREBY ORDERED that:

20   1.  This action is stayed for 120 days to allow the parties an opportunity to settle their

21   dispute before the discovery process begins.  Except as provided herein or by subsequent court

22   order, no other pleadings or other documents may be filed in this case during the stay of this

23   action.  The parties shall not engage in formal discovery, but the parties may elect to engage in

24   informal discovery.

25   2.  Within sixty days from the date of this order, defendants shall file any motion to opt

26   out of the Post-screening ADR Project.

27

28   [1]  If the case does not settle, the court will set a date for the filing of a responsive pleading.

2

1       3. At least seven days prior to the settlement conference, each party shall submit a

2 confidential settlement conference statement, as described above, to the settlement judge.

3 Defendant shall e-mail the settlement conference statement to the settlement judge's proposed

4 orders e-mail address. Plaintiff shall place his settlement conference statement in the U.S. mail

5 addressed to the settlement judge, United States District Court, 501 I Street, Sacramento, CA

6 95814. Plaintiff shall mail his settlement conference statement so that it is received by the court

7 at least seven days before the settlement conference.

8       4. If a settlement is reached at any point during the stay of this action, the parties shall file

9 a Notice of Settlement in accordance with Local Rule 160.

10       5. The parties remain obligated to keep the court informed of their current addresses at all

11 times during the stay and while the action is pending. Any change of address must be reported

12 promptly to the court in a separate document captioned for this case and entitled "Notice of

13 Change of Address." See L.R. 182(f).

14 Dated: June 21, 2021

15

16

17 DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

DB:14
24 DB:1/Orders/Prisoner/Civil_Rights/R/cast2030.adr.post.waiver.db

25

26

27

28

3